IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:  16 CR 425 |
| | ) | Hon. Judge Rebecca Pallmeyer |
| JEFFREY BATIO, | ) | |
| | ) | |
| Defendant. | ) | |

**MR. BATIO'S MOTION IN LIMINE
TO EXCLUDE CRIMINAL HISTORY AND SPECIFIC ACTS**

Defendant, **JEFFREY BATIO**, by and through his attorneys, **LISA L. WOOD** and **STEPHEN F. HALL**, pursuant to Rules 401-403, 608, and 609 of the Federal Rules of Evidence, as well as the Due Process Clause of the Fifth Amendment to the Constitution of the United States, respectfully moves this Court *in limine* for its order excluding evidence of Mr. Batio's prior arrests and/or convictions.  In support thereof, Mr. Batio shows to the Court the following:

I. **Background**

Mr. Batio is charged with six counts of mail fraud, in violation of 18 U.S.C. § 1341, and six counts of wire fraud, in violation of 18 U.S.C. § 1343. The charges stem from Mr. Batio's attempts to raise money to develop and produce computing products through two primary corporate entities, Armada Systems, LLC and Idealfuture, Inc. Specifically, the superseding indictment alleges that Mr. Batio made false or misleading statements to investors and prospective investors in selling membership shares in

Armada, and in soliciting monetary support for Idealfuture from crowdfunding backers.

Mr. Batio has several, minor criminal infractions in his history dating back to 1992. Among these infractions are driving offenses and an allegation of battery. The government has indicated that it does not seek to introduce into evidence any of Mr. Batio's criminal history, with the exception of prior allegations of deceptive practices in violation of 720 ILCS 5/17-1 (formerly Chp. 38, Section 17-1 of Illinois Revised Statutes). The government has indicated that it may seek to introduce evidence of the prior allegations of deceptive practices for impeachment purposes.

Chapter 38, Section 17-1 of the former Illinois Revised Statutes has since been re-codified as 720 ILCS 5/17-1. The language of the statute has also been amended. The language of the statute and section under which Mr. Batio was charged is as follows:

> (B) General Deception. A person commits a deceptive practice when, with intent to defraud, the person does any of the following:
> ***
> (d) With intent to obtain control over property or to pay for property, labor or services of another, or in satisfaction of an obligation for payment of tax under the Retailers' Occupation Tax Act, or any other tax due to the State of Illinois, he or she issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. Failure to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of two occasions at least 7 days apart, is prima facie evidence that the offender knows that it will not be paid by the depository, and that he or she has the intent to defraud. In this paragraph (d), "property" includes rental property (real or personal).

*Id*. Here, Mr. Batio has two separate arrests for violation of the above statute.

### A. Mr. Batio's 1992 Arrest for Deceptive Practices

In 1992, Mr. Batio was arrested and prosecuted for violating 720 ILCS 5/17-1, entitled "Deceptive Practices" in Lake County, Illinois, case numbers 92 CF 1818 and 92 CF 1910. The Lake County States Attorney's Office charged both of these cases as class four felonies, which are punishable by more than one-year imprisonment. The disposition of both cases is listed as nolle prosequi.

### B. Mr. Batio's 1994 Conviction for Deceptive Practices

Following the dismissal of Mr. Batio's 1992 charges for alleged violation of the Deceptive Practices statute, the Lake County, Illinois States Attorney's Office once again prosecuted Mr. Batio. In case 94 CF 1257, Mr. Batio was again charged with violating 720 ILCS 5/17-1. This charge was a class 4 felony, again punishable by more than one-year imprisonment. It appears that Mr. Batio pled guilty to this charge on September 29, 1994 and received sentence of 18 months supervision.

## II. Argument

Mr. Batio seeks to bar the government from introducing any of Mr. Batio's criminal history into evidence at trial. Mr. Batio has arrests for theft and deceptive practices, as well as battery and driving with a suspended license. These arrests date back to 1992 and are generally inadmissible. The government has indicated that it does not intend to introduce any mention of Mr. Batio's criminal history with two exceptions: the 1992 allegations of and 1994 conviction for deceptive practices. This Court must preclude the government from introducing into evidence Mr. Batio's convictions for deceptive practices pursuant to Rules 401-403, 608, and 609.

In this case, the government only seeks to admit against Mr. Batio his prior allegations of and conviction for deceptive practices, which occurred in 1992 and 1994, respectively. The 1992 prosecution for deceptive practices should be excluded as not relevant to any issue in this case and because the probative value of the evidence, if any, is substantially outweighed by the danger of unfair prejudice. Additionally, this Court should exclude any use of the 1994 conviction pursuant to Federal Rule of Evidence 609(b).

### A. The 1992 allegations are inadmissible pursuant to Rule 401

Evidence is relevant if it has any tendency to make a fact more probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401. To be relevant, "evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014), *citing, Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006)(internal citations omitted).

Mr. Batio's 1992 arrest and the allegations related to it have no effect on any issue in this trial. There is no fact to which the government can point in this case which would be more probable than it would be without the evidence. The 1992 arrest and the lack of details surrounding it simply do not have any bearing on the various counts of wire and mail fraud which the government has alleged. Thus, the 1992 arrest and prosecution should be barred from evidence in the trial of this matter.

### B. The 1992 allegations are inadmissible pursuant to Rule 403

Even if this Court finds that the 1992 arrest and prosecution has some, marginal relevance, that relevance would be substantially outweighed by the undue prejudice and confusion of the issues that would result from the admission of such evidence.

The alleged criminal behavior which appears to be the writing of bad checks, has little, if any, probative value related to the allegations in this case. However, if the jury hears that Mr. Batio was arrested and prosecuted for violating laws against deceptive practices (although eventually those charges were dismissed), there is a very real possibility that they will assume that Mr. Batio has a history of fraud and may be more inclined to believe the fraud allegations in this case. This is the very type of propensity inference that Fed. R. Evid. 404 seeks to preclude, and certainly the type of evidence which Rule 403 prohibits.

### C. Should Mr. Batio testify, he may not be impeached by extrinsic evidence of his 1992 arrest and prosecution

Rule 608 of the Federal Rules of Evidence prohibits "specific instances of conduct [being] used to attack a witness' character may be inquired into on cross-examination if probative of truthfulness or untruthfulness." *United States v. Redditt*, 381 F.3d 597, 601-02 (7th Cir. 2004), *citing Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 627 (2003). "Such conduct, however, may not be proved by extrinsic evidence." *Id.* Rule 608 is a rule about presenting extrinsic evidence, not about asking questions. *United States v. Dawson*, 434 F.3d 956, 958 (7th Cir. 2006).

The government has indicated that it may seek to impeach Mr. Batio with his 1992 charges related to deceptive practices. These charges did not result in a conviction; instead, the charges were dismissed. Mr. Batio objects to the use of the 1992 charges on other bases which may be addressed in other motions. For the purpose of the instant motion, Mr. Batio objects to the use of any extrinsic evidence in an attempt to impeach him with his 1992 charges related to deceptive practices.

### D. The 1994 conviction is inadmissible pursuant to Rule 609(b)

Rule 609 governs the admissibility of prior convictions of witnesses for impeachment purposes and will allow such impeachment "of an accused as a witness if the probative value of his prior conviction outweighs its prejudicial effect." *United States v. Rogers*, 542 F.3d 197 (7th Cir. 2008). Rule 609 generally excludes use of an otherwise qualifying conviction if the conviction is more than ten years old. Fed. R. Evid. 609(b). The ten-year limit runs from the later of the date of conviction or the date on which the witness is released from confinement. *Id*.

For calculation purposes, the "clock starts at the witness's release from any physical confinement, or in the absence of confinement, the date of conviction." *Rogers*, 542 F.3d at 201, *citing United States v. Rein*, 848 F.2d 777, 782 (7th Cir. 1988). Additionally, the end date of the ten-year period is the start of the trial in which the witness is testifying. *United States v. Thompson*, 806 F.2d 1332, 1339 (7th Cir. 1986). As such, the ten-year period for the 1994 conviction would have elapsed on September 29, 2004 - ten years from the date of conviction.

Although Rule 609(b) is not an absolute bar to use of convictions outside the ten-year period, it does create an "asymmetrical balancing test, one that requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence." *Rogers*, 542 F.3d at 201 (emphasis in original). Thus, it is not the usual case where a court should allow impeachment by a prior conviction falling outside the ten-year limit; rather, it is only the exceptional case in which such impeachment may be allowed. *Id*. ("...impeachment by a conviction falling outside the ten-year time limit should be permitted only in rare and exceptional circumstances,"); *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003) (*citing United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977)). In this case, there are no exceptional circumstances which would permit the government to use the 1994 conviction.

There is limited information about Mr. Batio's 1994 term of supervision for violating the Deceptive Practices statute. From the language of the statute and the sub-section charged, it appears that Mr. Batio was prosecuted for writing bad checks, or drafting checks for which he did not have sufficient funds available. The fact that Mr. Batio may have written a bad check in 1994 has no probative value for the allegations in the present case. It neither tends to prove or disprove any of the allegations at issue; however, the risk of unfair prejudice from the introduction of the 1994 conviction is staggering. Indeed, it seems that there can be little basis for use of the 1994 conviction for impeachment purposes other than the introduction of prior acts, which may be addressed in a later motion related to Rule 404(b). Regardless, it is the government's burden to demonstrate what probative value there would be in using the 1994

7

conviction for impeachment purposes. Beyond simply showing that there is some probative value, the government must also demonstrate that the probative value is high enough to substantially outweigh the danger of unfair prejudice. The government cannot meet this burden, and the 1994 conviction must be excluded.

### III. Conclusion

WHEREFORE, for all of the foregoing reasons, Jeffrey Batio respectfully requests that the Court enter an order excluding evidence relating to his prior arrests, prosecutions, conviction, and the conduct underlying that order.

Respectfully submitted,

 s/ Lisa L. Wood
**LISA L. WOOD**, One of the Attorneys for Defendant, Jeffrey Batio.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

8